UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK CHIKE MBACHU, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-454 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Frank Chike Mbachu's petition for a writ of habeas corpus and Respondent Lorie Davis' motion for summary judgment. Having considered the petition, the motion, the record, and all the arguments and authorities submitted by the parties, the Court concludes that Respondent's motion for summary judgment should be granted, and Mbachu's petition should be denied

### I. Background

Mbachu pled guilty to one count of aggravated robbery with a deadly weapon in the 434th Judicial District Court of Fort Bend County, Texas. That court sentenced him to ten years imprisonment. Mbachu did not file a direct appeal. The Texas Court of Criminal Appeals denied Mbachu's application for a writ of habeas corpus without written order on the findings of the trial court. Doc. # 18-2.

Mbachu filed his federal petition for a writ of habeas corpus on February 12, 2018. His petition raises five claims, including subclaims: 1) that his guilty plea was not knowing and voluntary; 2) that his counsel provided ineffective assistance in three

distinct ways; and 3) that he was denied access to the courts. Respondent moved for summary judgment on November 20, 2018. Mbachu did not respond to the motion.

## II. Applicable Legal Standards

### A. The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002); *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*,

230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc); *see also Pape v. Thaler*, 645 F.3d 281, 292-93 (5th Cir. 2011). The focus for a federal court under the "unreasonable application" prong is "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Neal*, 239 F.3d at 696, and *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2); *Martinez v. Caldwell*, 644 F.3d 238, 241-42 (5th Cir. 2011). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

This Court may only consider the factual record that was before the state court in determining the reasonableness of that court's findings and conclusions. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Review is "highly deferential," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*), and the unreasonableness standard is "difficult [for a petitioner] to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

B. <u>Summary Judgment Standard in Habeas Corpus Proceedings</u>

In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (The "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). This principle is limited, however; Rule 56 applies insofar as it is consistent with established habeas practice and procedure. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002)

(citing Rule 11 of the Rules Governing Section 2254 Cases). Therefore, § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmoving party. *See id*. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" regarding the state court's findings of fact, those findings must be accepted as correct. *See id*. Thus, the Court may not construe the facts in the petitioner's favor where the prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness in 28 U.S.C. § 2254(e)(1) should not apply. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997).

### III. Analysis

Mbachu alleges that his guilty plea was not knowing and voluntary, that he received ineffective assistance of counsel, and that he was denied access to the courts. These claims are addressed below.

#### A. Knowing and Voluntary Guilty Plea

Mbachu first claims that his plea wasn't knowing because his counsel induced the plea by telling him that he would receive probation. "A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea is knowing,

voluntary, and intelligent if "the defendant understood the nature and substance of the charges against him, [but] not necessarily . . . their technical legal effect." *Id.*

The record shows that the trial court admonished Mbachu before accepting his guilty plea. The written admonishments include a statement that Mbachu faced a possible prison sentence of 5-99 years. Mbachu initialed the admonishment to acknowledge that he read and understood it. Doc. # 18-9 at 20. He further acknowledged that he had no plea agreement with the State. *Id.* at 23. The state habeas court further found that Mbachu was not eligible for straight probation from the trial court but could ask for deferred adjudication. *Id.* at 94. Mbachu did, in fact, apply for deferred adjudication. *Id.* at 26.

Mbachu submits copies of text messages between himself and his attorney. Petition, Exh. 3. Mbachu contends that this supports his argument, but the text messages clearly show that counsel advised him that he could only get probation from a jury but could seek deferred adjudication from the judge if he pled guilty. *Id.* at 4. Counsel also advised Mbachu that the evidence against him was overwhelming and advised against going to trial. *Id.* He informed Mbachu that, if he pled guilty, a presentence investigation would be conducted and they would return for sentencing at a later date, at which time the judge would "decide whether to give you deferred probation [sic] or not." *Id.*

The text messages do not support Mbachu's contention that counsel told him that he would receive probation if he pled guilty. To the contrary, the text messages very clearly state that whether Mbachu received deferred adjudication would be up to the trial

judge. In light of this evidence and Mbachu's written acknowledgment that he faced a sentence range of 5-99 years in prison, Mbachu fails to demonstrate that his guilty plea was not knowing and voluntary.

    B.    <u>Ineffective Assistance of Counsel</u>

Mbachu next argues that his counsel rendered ineffective assistance by telling him he would receive probation. To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689. In assessing prejudice, "*Strickland* asks whether it is reasonably likely the result would have been different," if not for counsel's deficient performance. *Harrington v. Richter*, 562 U.S. 86, 111 (2011)(internal quotation marks omitted).

As discussed above, the evidence contradicts Mbachu's claim that counsel told him that he would receive probation if he pled guilty. Therefore, Mbachu fails to demonstrate deficient performance by his counsel.

C. Remaining Claims

Mbachu also claims that counsel was ineffective for failing to investigate and present mitigating evidence in connection with his sentencing and failing to file pre-trial motions, and that Mbachu was denied access to the courts because he did not receive transcripts from the state court. Respondent argues that these claims are unexhausted and procedurally defaulted.

The federal habeas corpus statute requires that a prisoner exhaust his available State remedies before raising a claim in a federal habeas petition.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). As the Fifth Circuit explained in a pre-AEDPA case, "federal courts must respect the autonomy of state courts by requiring that petitioners advance in state court all grounds for relief, as well as factual allegations supporting those grounds." *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989). "[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000); *see* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."). To satisfy the exhaustion requirement, an applicant must

"fairly present" his claims to the state habeas court. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Mbachu acknowledges that he did not present these claims to the Texas state courts. *See* Petition at 8; State Habeas Corpus Application (Doc. # 18-9 at Bates Numbers 44-49). Because Petitioner did not present these claims to the Texas state courts, he has failed to properly exhaust them, and this Court may not consider them. *Knox*, 884 F.2d at 852 n.7.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed without prejudice, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Such a result in this case, however, would be futile because Petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. A procedural bar for federal habeas review occurs if the court to which a petitioner must present his claims to satisfy the exhaustion requirement would now find the unexhausted claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX. CRIM. PROC. CODE Ann. § 11.07 § 4(a).

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* Petitioner does not claim that he could not have presented the claims in his state habeas petition because the factual basis for the claim did not exist, or that he is actually innocent. Therefore, Petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in the Texas courts. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). That bar precludes this Court from reviewing Petitioner's claim absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750.

"Cause" for a procedural default requires a showing that some objective factor external to the defense impeded petitioner's efforts to comply with the state procedural rule. *See*, *e.g.*, *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Amadeo v. Zant*, 486 U.S. 214, 222 (1988). Mbachu states that he has no legal training and was unaware of the factual basis for these claims when he filed his state application. These are not factors external to the defense. Mbachu therefore makes no showing of cause. His claims are procedurally defaulted, and this Court cannot grant relief on them.

D.  Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Mbachu's petition is denied and is dismissed with prejudice.

## IV.  Certificate of Appealability

Mbachu has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This court has carefully considered each of Petitioner's claims. This Court concludes that jurists of reason would not find it debatable that Mbachu fails to make a substantial showing of the denial of a constitutional right and that this Court is correct in its procedural determinations. This Court concludes that Petitioner is not entitled to a certificate of appealability on his claims.

## III. Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' motion for summary judgment (Doc. # 17) is GRANTED;

B. Petitioner Frank Chike Mbachu's petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITH PREJUDICE; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 15th day of May, 2019.

_____
Kenneth M. Hoyt
United States District Judge